UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:15-CR-85 |
| Plaintiff, | : | |
| v. | : | ORDER & OPINION |
| | : | [Resolving Doc. 11] |
| HENRY N. WILLIAMS, | : | |
| Defendant. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Henry Williams moves for a bill of particulars.[1] The United States filed a two count indictment against Defendant on February 25, 2015. The indictment charges Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession with the intent to distribute and distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).[2] Defendant says the indictment is "vague, indefinite, uncertain and insufficient in general terms and conclusions," and thus requests "[a] detailed statement of each and every statute . . . which the Government maintains that the Defendant violated," as well as "[a] detailed statement of the particular words, act, conduct, method, manner and/or means by which the Government maintains that the Defendant committed" the alleged crimes.[3]

"The decision to order a bill of particulars is within the sound discretion of the trial

---

[1] Doc. 11 (citing Fed. R. Crim. P. 7(f)). The United States opposes. Doc. 15.
[2] Doc. 1.
[3] Doc. 11.

-1-

Case No. 5:15-CR-85
Gwin, J.

court."[4] "In determining whether a bill of particulars is appropriate, the Court asks whether the indictment is sufficiently specific that a bill of particulars is unnecessary."[5]

A bill of particulars is unnecessary in this case because the indictment is sufficiently specific. Defendant Williams can "discern the nature of the charges pending against him."[6] The indictment specifies the date and location of the alleged crimes. For the felon in possession charge, it lists Defendant's past convictions as well as the make, model, and serial numbers of the guns Defendant allegedly possessed. For the drug charge, it specifies that Defendant is charged with possessing with the intent to distribute and distributing crack cocaine. The United States has also provided extensive discovery as to each of these charges.[7]

The motion contains only conclusory, boilerplate language. Defendant has not even attempted to demonstrate that he does not understand the charges and therefore cannot adequately prepare for trial, that he is facing unfair trial by surprise, or that he may be subject to double jeopardy without a bill of particulars.[8] Instead, Defendant's motion is better characterized as a general request for discovery.[9]

---

[4] *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).
[5] *United States v. Anderson-Bagshaw*, No. 1:11-CR-257, 2011 WL 4499342, at *1 (N.D. Ohio Sept. 27, 2011) (citing *United States v. Ridley*, 199 F. Supp. 2d 704, 707–08 (S.D. Ohio 2001)).
[6] *United States v. Martin*, 822 F.2d 1089, 1987 WL 38036, at *3 (6th Cir. Jul. 14, 1987) (unpublished table opinion).
[7] *See* Doc. 15 at 2.
[8] *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).
[9] *See Salisbury*, 983 F.2d at 1375 (A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.").

-3-

Case No. 5:15-CR-85
Gwin, J.

    Defendant's motion for a bill of particulars is therefore **DENIED**.

    IT IS SO ORDERED.


Dated: March 30, 2015          s/ *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE