UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:15-CR-85 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| HENRY N. WILLIAMS, | : | [Resolving Doc. 44] |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Henry N. Williams, *pro se*, moves this Court to recommend him for placement at a Residential Re-Entry Center ("RRC") pursuant to the Second Chance Act of 2007.[1]

The Second Chance Act of 2007[2] authorizes the Federal Bureau of Prisons ("BOP") to assign a prisoner to an RRC for up to twelve months before his final release.[3] The statute does not entitle inmates to placement in an RRC, however. Rather, the statute's language "simply directs the BOP to *consider* placing an inmate in an RRC."[4]

Under § 3621(b), the BOP decides whether, and for how long, to place an inmate in an RRC.[5] One of the factors considered by the BOP is "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate."[6] Citing this factor, Williams asks this Court to "submit[] a recommendation for [RRC placement] directly to the FBOP's . . . offices."[7]

---

[1] Doc. 44. The Government opposes. Doc. 45.
[2] Pub.L. 110-199, 122 Stat. 692 (Apr. 9, 2008).
[3] 18 U.S.C. § 3624(c)(1).
[4] *Meade v. Maiorana*, No. 2:14-cv-656, 2015 U.S. Dist. LEXIS 48986, at *2 (W.D. La. Feb. 18, 2015).
[5] *See United States v. Kinsey*, No. 3:13-cr-251-B, 2016 U.S. Dist. LEXIS 33986, at *1-2 (N.D. Tex. Jan. 13, 2016).
[6] 18 U.S.C. § 3621(b)(4).
[7] Doc. 44 at 4.

Case No. 5:15-CR-85
Gwin, J.

The Court declines to recommend Williams for RRC placement. Courts have discretion over whether to recommend an inmate for RRC placement.[8] Accordingly, sentencing judges are not required give the BOP any post-sentencing views.[9]

Here, the BOP can satisfy § 3621(b)'s "court statement" factor by reviewing Williams's sentencing transcript, which describes the rationale behind the sentence and this Court's penal recommendations.[10] Moreover, Williams is nearly eighteen months into his sentence under BOP supervision. BOP officials—not this Court—are in the best position to assess whether RRC placement is appropriate.

For the reasons above, this Court **DENIES** Petitioner Williams's motion to recommend him for Residential Re-Entry Center placement under the Second Chance Act of 2007.

IT IS SO ORDERED.

Dated: February 1, 2017                    *s/        James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[8] *See United States v. Cunningham*, 680 F. Supp. 2d 844, 864-65 (N.D. Ohio 2010).
[9] *United States v. Arnett*, No. CR-F-95-5287-OWW, 2009 WL 102704, at *2 (E.D. Cal. Jan. 14, 2009) ("[T]he Court can find none [authority] that the BOP is required to solicit the post-sentencing view of the sentencing judge whether transfer to a Residential Re-Entry Center is appropriate.").
[10] *See, e.g.*, Doc. 41 at 36-37 ("The other consideration I look at is it does appear that you have a major substance abuse problem. It involves both illegal -- illegal drugs and perhaps even more crucial for you is the alcohol problem. It seems to be that virtually every time you've gotten into trouble, or nearly every time, you've been drunk, and it appears that that's been relatively consistent.").